FILED

AUG 27 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 04cr0865-IEG |
| Plaintiff, ) ) | PRELIMINARY ORDER OF |
| v. ) | CRIMINAL FORFEITURE |
| YOLANDA BELTRAN-CARRANZA (1), ) ) | |
| Defendant. ) | |

WHEREAS, in the Superseding Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific property of the above-named Defendant pursuant to 21 U.S.C. § 853 as property constituting and derived from proceeds the Defendant obtained directly or indirectly as the result of the commission of the violation of Title 21, United States Code, Section 841(a)(1) as charged in the Superseding Indictment, and was used or intended to be used in any manner or part to commit and to facilitate the commission of such violation; and

WHEREAS, on or about July 10, 2006, the above-named Defendant, YOLANDA BELTRAN-CARRANZA (1) ("Defendant"), entered a guilty plea before U.S. Magistrate Judge Louisa S. Porter, which plea was accepted by the U.S. District Court on August 27, 2007, and which plea included consent to criminal forfeiture pursuant to Title 21 as set forth in the Superseding Indictment; and

///

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited property and the offense; and

WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said property, pursuant to 21 U.S.C. § 853 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to Rule 32.2(b)(3), the United States having requested the authority to take custody of the following property which was found forfeitable by the Court, namely:

**The real property located at 1306 Ronda Avenue, Escondido, California, and all appurtenances affixed thereto, more particularly described as:**

**ASSESSORS PARCEL NO. 227-550-18**

**Lot 21 of Escondido Tract No. 314, in the City of Escondido, County of San Diego, State of California, according to map thereof No. 8778, filed in the office of the County Recorder of San Diego, January 19, 1978**; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through her attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following asset, and all right, title and interest of Defendant YOLANDA BELTRAN-CARRANZA (1) in the following property are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

**The real property located at 1306 Ronda Avenue, Escondido, California, and all appurtenances affixed thereto, more particularly described as:**

**ASSESSORS PARCEL NO. 227-550-18**

**Lot 21 of Escondido Tract No. 314, in the City of Escondido, County of San Diego, State of California, according to map thereof No. 8778, filed in the office of the County Recorder of San Diego, January 19, 1978.**

2. The aforementioned forfeited asset is to be held by the United States Marshals Service in its secure custody and control.

///

3. Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4. Pursuant to 21 U.S.C. § 853(n), the United States forthwith shall publish, at least once for three successive weeks in a newspaper of general circulation, notice of this Order, notice of the Marshals Service's intent to dispose of the property in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5. This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property that is the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

DATED: 8/27/07

IRMA E. GONZALEZ, Judge
United States District Court